# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1144V
(to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                              *
ZACHARIAH OTTO,                               *
                                              *
                    Petitioner,               *
                                              *
v.                                            *
                                              *
                                              *
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES,                               *
                                              *
                    Respondent.               *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Chief Special Master Corcoran

Filed: October 17, 2019

Recusal; Improper Bias

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Mark K. Hellie*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

## ORDER DENYING MOTION FOR RECUSAL[1]

On September 15, 2016, Zachariah Otto filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that the human papilloma virus ("HPV") vaccine he received on October 13, 2014, caused him to experience an adverse reaction, including but not limited to chronic fatigue or postural orthostatic tachycardia syndrome ("POTS"). Pet. at 1–5 (ECF No. 1). An entitlement hearing in this matter is scheduled

---

[1] This Order will be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means that the Order will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Order's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Order will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

for November 4–5, 2019, in Washington, D.C.

Petitioner has now requested that I recuse myself from this matter. For the reasons set forth below, I deny Petitioner's motion.

### **Relevant Procedural History**

On August 21, 2018, Petitioner filed a request for an interim award of nearly $60,000.00, which included attorney's fees, expert fees, and other costs. Mot. for Interim Attorney's Fees & Costs, filed Aug. 21, 2018 (ECF No. 39). At the time of the filing of this fees request, the matter had been scheduled for hearing in November 2019. *See* Pretrial Order, dated July 12, 2018 (ECF No. 38).

Less than two months later, I issued a decision granting in part and deferring in part Petitioner's request. *See generally* Decision, dated October 5, 2018 (ECF No. 43) ("Interim Fees Dec."). I awarded attorney's fees in full for work performed in the case to that date, plus all costs associated with obtaining medical records. *Id.* at 4–5. I did not, however, find that an award for expert costs was appropriate at that time (since the matter had not yet been heard, and I therefore could not assess the reasonableness of some requested expert rates), deferring that component of costs until after hearing. *Id.* at 5–6. I also noted that in prior cases before me, experts (including one who had been offered to support Mr. Otto's claim) had been unsuccessful in establishing a scientifically-reliable causal connection between the HPV vaccine and POTS. *Id.* I nevertheless indicated my preliminary determination that the claim possessed sufficient reasonable basis to justify a hearing, and that the experts would likely be reimbursed for their time thereafter. *Id.* at 6. Petitioner did not appeal this determination. *See* Notice not to Seek Review, dated October 17, 2018 (ECF No. 45).

On September 30, 2019, Petitioner filed the present recusal motion. Motion to Disqualify Special Master, Filed Sept. 30, 2019 (ECF No. 76) ("Mot. for Recusal"). Petitioner's principal basis for recusal was my decision on an interim fees request in an unrelated case involving the same present counsel, my denial of reconsideration of that decision, and certain language I used to describe the overall tone of the motion for reconsideration.[3] *See generally Schultz v. Sec'y of*

---

[3] In the present motion, Petitioner also cites to a motion for disqualification his counsel filed in that same unrelated case. Mot. for Recusal, at 1. Respondent in reaction has pointed out that such action by Petitioner's counsel is prohibited under Section 12(d)(4) of the Vaccine Act, which requires petitioners to obtain the approval of other petitioners before filing matters relating to one case into the record for a different action. Recusal Response at 1 n.1. While Respondent is technically correct, I find that the prior motion, and my subsequent ruling on it, are intertwined with the issues raised by the present motion and will therefore address, albeit briefly, the arguments raised in the attached motion.

*Health & Human Servs.*, No. 16-539V, 2019 WL 5098963, at \*4, \*6 n.8 (Fed. Cl. Spec. Mstr. Aug. 28, 2019); *Schultz v. Sec'y of Health & Human Servs.*, No 16-539, slip op. at 4 (Fed. Cl. Spec. Mstr. Oct. 9, 2019). He also cites to my prior Interim Fees Decision in this case, specifically objecting (for the first time) to my comments on the reliability of expert opinion evidence offered to support Mr. Otto's theory herein that the HPV vaccine can cause POTS. Mot. for Recusal at 1–2; *see also* Interim Fees Dec. at 5–6.

Shortly thereafter, Respondent filed an opposition to the recusal motion, setting forth the standard for recusal and articulating why, in his view, recusal was not appropriate in this matter. Response to Motion to Disqualify Special Master, filed Oct. 11, 2019 (ECF No. 77) ("Recusal Response"). In doing so, Respondent emphasized the well-established principle that "'judicial rulings alone almost never to constitute a valid basis'" for recusal. *Id.* at 3 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

## Standards for Recusal

28 U.S.C. § 455 sets forth the standard and circumstances under which any federal justice, judge, or magistrate (and thus, by extension, a special master[4]) shall recuse him or herself. 28 U.S.C. § 455 (2017). In relevant part, the statute reads:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding….

*Id.* at § 455(a)–(b). It is well-established that this statute is to be applied objectively. Recusal is required only "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe*

---

[4] The issue of recusal is not addressed by the Vaccine Program Rules. In the absence of such guidance, "the special master or the [C]ourt may regulate the applicable practice, consistent with these rules and with the purpose of the Vaccine Act, to decide the case promptly and efficiently." Vaccine Rules of the United States Court of Federal Claims, Rule 1(b) (Fed. Cl. 2019). *See also Earles ex rel. Earles v. Sec'y of Health & Human Servs.*, No. 10-34V, 2011 WL 2006823, \*1 (Fed. Cl. Spec. Mstr. Apr. 20, 2011) (explaining why a special master applied 28 U.S.C. §455 in deciding a motion for recusal). In the absence of a special master-specific statutory basis for recusal, and in light of prior decisions within the confines of the Vaccine Program on the subject, I find that Petitioner's Motion for Disqualification properly relies on Section 455.

*Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (citing *United States v. Tucker*, 78 F.3d 1313, 1324 (8th Cir. 1996)).

As alluded to above, I have recently addressed at length the standards for recusal and how they apply to special masters in the Vaccine Program in another matter involving Petitioner's counsel. *Schultz v. Sec'y of Health & Human Servs.*, No. 16-539V, slip op. (Fed. Cl. Spec. Mstr. Oct. 9, 2019). There I explained that judicial rulings, routine trial administration, and ordinary admonishments within the context of the case almost never constitute a valid basis for a recusal motion. *Id.* at 6 (citing *Liteky*, 510 U.S. at 555–56). I also explained that allegations of bias must be demonstrated to be extrajudicial in nature or origin; assertions of bias rooted in actions taken or opinions expressed during litigation of a particular matter will only support a motion for recusal where the adjudicator's conduct is made with such a high degree of favoritism or antagonism as to make fair judgment impossible. *Schultz v. Sec'y of Health & Human Servs.*, No 16-539V, slip op. at 6 (citing *Liteky*, 510 U.S. at 555); *see also Charron v. United States*, 200 F.3d 785, 789 (Fed. Cir. 1999).

## ANALYSIS

Petitioner has not established reasonable grounds for my recusal from this case.

First, no evidence has been presented that I have ever previously demonstrated any specific bias against Petitioner or his counsel *in this case*. At most, I expressed in my 2018 Interim Fees Decision some qualms regarding the scientific reliability of the proposed theories of causation in the present matter. But doing so is consistent with the inquisitorial aspect of my role as special master, wherein I endeavor to guide both parties towards resolution of the claim (even where that means the claim's dismissal). Such comments do not therefore establish the level of favoritism or antagonism contemplated by *Liteky*. *See* Interim Fees Dec. at 5–6; *Liteky*, 510 U.S. at 555. Arguments of bias are also undermined by Petitioner's on-the-record acceptance of my decision (in opting formally not to appeal), along with the year-long gap between the Interim Fees Decision and the present motion.

Second, and although (as the Supreme Court instructs) the fact that a holding is adverse or objectionable to a claimant is rarely a sound basis for recusal, the substance of my Interim Fees Decision does not display any untoward bias to Petitioner. Indeed, I did not *deny* expert fees— rather, I merely deferred their award (as I regularly do) until I have had the opportunity to hear the expert testimony at trial, when I can ascertain its utility to resolution of the matter. *See, e.g., Schultz v. Sec'y of Health & Human Servs.*, No. 16-539, 2019 WL 5095634, at *2 (Fed. Cl. Spec. Mstr. Aug. 15, 2019) (granting interim award of expert costs after trial). My decision also made clear to Petitioner that, despite my doubts about his theory's causal reliability, an entitlement hearing *will*

be held, at which time he will have the opportunity to prove them. Interim Fees Dec. at 6. To date, I have in *no* cases entirely disallowed expert fees after hearing no matter how unpersuasive I found the expert's testimony, and I do not expect to do so in this case either.

Finally, Petitioner's recusal motion establishes no independent or extrajudicial evidence of bias against him (or even his counsel). This is so even though the present recusal motion relies on the language and substance of an order from *another* case. My determinations in the *Schultz* case do not mention Mr. Otto or have any bearing on him. That case also involves a completely different causation theory and has yet to be decided as well. At most, both cases involve present counsel—an individual who has represented numerous petitioners before me in the Vaccine Program and has been repeatedly awarded fees for his efforts. *See e.g.*, *Schultz v. Sec'y of Health & Human Servs.*, No. 16-539V, slip op. at 7 n.10. That matter accordingly cannot be referenced as evidence of impermissible bias against counsel that would prevent an impartial adjudication of this matter.

As a result, the present motion is not well founded, and is accordingly DENIED.

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

5