**CORRECTED**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1144
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * *
ZACHARIAH OTTO,                             *
                                            *       Chief Special Master Corcoran
                Petitioner,                 *
                                            *       Dated: June 17, 2020
v.                                          *
                                            *
                                            *       Human papillomavirus; Postural
                                            *       orthostatic intolerance syndrome;
SECRETARY OF HEALTH AND                     *       Decision dismissing petition;
HUMAN SERVICES,                             *       Vaccine Rule 21; RCFC 41.
                                            *
                Respondent.                 *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Mark Hellie*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION DISMISSING PETITION**[1]

On September 15, 2016, Zachariah Otto filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program"),[2] alleging that the human papillomavirus ("HPV") vaccine he received on October 13, 2014, caused him to experience an adverse reaction, including but not limited to chronic fatigue or postural orthostatic intolerance syndrome ("POTS"). An entitlement hearing was held on November 4–5, 2019, in Washington,

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

DC, but no ruling or decision in the matter has yet issued.

On June 11, 2020, and after notifying me via status conference of his intentions (*see* June 8, 2020 docket entry), Petitioner filed what he styled as a "Motion for a Decision Dismissing his Petition." ECF No. 113 ("Motion"). In it, Petitioner requests that I dismiss his claim prior to issuance of a full written decision, based on his expressed desire to opt out of the Program and "pursue a third party action in district court" against the manufacturer of the HPV vaccine. Motion at 2. He also represented that Respondent had no objection to the requested relief.

A day later, however, and despite Petitioner's representations that the Motion was unopposed, Respondent filed an objection. ECF No. 114 ("Opp."). Respondent maintains that the Motion is improper under Section 12(d)(3)(A) of the Act, primarily because it does not contain Petitioner's expressed acknowledgement (as set forth in a draft template maintained on the website of the Court of Federal Claims)[3] that "he has not proven his case." Opp. at 3. Respondent otherwise indicates a willingness to consent to dismissal, however, if Petitioner refiles the Motion with language conforming to the template. Opp. at 4 n.2.

Petitioner filed a reply in further support of the Motion on June 15, 2020. ECF No. 115 ("Reply"). In it, Petitioner acknowledges awareness that any written Decision dismissing the claim will likely "make comment on the evidence presented at hearing" (Reply at 1), and that he understood his Motion would result in an adverse determination that would end his Vaccine Program rights. *Id.* at 1-2. He disputes, however, that he was *required* to make admissions about his claim in the Motion, and reiterates his request that I immediately act on the pending Motion. *Id.* at 4.

## ANALYSIS

The provisions under the Vaccine Rules for ending a case before a decision has been issued are largely inapplicable herein. Petitioner may no longer avail himself of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report, and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Petitioner seeks entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3).

Accordingly, the only remaining channel for the relief Petitioner requests is a "motion seeking dismissal"—a mechanism for ending cases that other claimants have used, either because

---

[3] United States Court of Federal Claims: Vaccine Sample Filings, https://www.uscfc.uscourts.gov/vaccine-sample-filings (last visited June 15, 2020).

they have determined that the claim cannot succeed, or simply because they choose not to continue with the claim, but have reached that determination after the time to act under Rule 21 has passed. *See, e.g.*, *Goldie v. Sec'y of Health & Human Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl Spec. Mstr. Oct. 11, 2019). However, as Respondent correctly observes, the "magic words" that petitioners who wish to dismiss a case after filing of the Rule 4(c) Report usually include in their dismissal motion are missing from Mr. Otto's Motion (although Petitioner's Reply acknowledges at least that any Decision dismissing the case at this point will not only be adverse to seeking relief in the Program in the future, but also may well include some comment on the evidence filed and testimony adduced at hearing).

Thus, although it is true that the present circumstances do not afford Petitioner a means of dismissal directly under the Vaccine Rules, dismissal of petitions can still occur—and often does. Indeed, the rules of the Court of Federal Claims (which are properly applied herein)[4] permit dismissal of claims at a petitioner/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2). Accordingly, I find it is appropriate to grant Petitioner's Motion, even though it does not formally contain the language Respondent prefers (and I therefore grant the Motion over Respondent's objection). Expediency, judicial efficiency, and providing fairness to Vaccine Program claimants—values that constantly inform the work of special masters in deciding vaccine injury claims—all counsel in favor of allowing dismissal even at this late stage in the proceedings. Dismissal of the case will obviate the need to write a lengthy decision, and cut off the prospect of future appeal as well (at least on matters not pertaining to attorney's fees), thus further preserving judicial resources.

However, and in accordance with RCFC 41(a)(2), this Decision shall include several express limitations in order to make it conform to the requirements of Section 12(d)(3) of the Act. In particular, I find that (as Petitioner has anticipated) Petitioner did *not* establish his claim by a preponderance of the evidence. First, Petitioner's causation theory was unreliable and not supported by sufficient scientific/medical evidence. As I informed Petitioner earlier in the case, I have yet to hear a case in which a petitioner successfully established that the HPV vaccine can cause POTS. *See* Interim Fees Decision, dated October 5, 2018 (ECF No. 43) at 5–6. This case was no different, and even featured the same expert (Dr. Shoenfeld) testifying in a similar manner on the same topics he has addressed in prior actions.[5] I thus do not find that Petitioner established

---

[4] The Vaccine Rules specifically stated that the Rules of the Court of Federal Claims "apply only to the extent they are consistent with the Vaccine Rules," and otherwise empower special masters to "regulate the applicable practice" under the Vaccine rules "[i]n any matter not specifically addressed" therein. Vaccine Rule 1(b) and (c). Here, I find that permitting dismissal—in the form stated in this Decision— based on a rule of the Court of Federal Claims is fully consistent with the Vaccine Rules, given that language of Vaccine Rule 21 does not cover voluntary dismissal by court order, whereas RCFC 41 does cover voluntary dismissal by court order. Thus RCFC 41(a)(2) addresses a situation not contemplated by Vaccine Rule 21.

[5] *See Johnson v. Sec'y of Health & Human Servs.,* No. 14-254V, 2018 WL2051760, at *24 (Fed. Cl. Spec. Mstr. Mar. 23, 2018).

*in this case* that the HPV vaccine can cause POTS.

Second, the record in this case does not permit the conclusion that *any* of Petitioner's injuries were likely vaccine-caused. Mr. Otto had many health problems prior to vaccination, and I do not find that any of his post-vaccination illnesses or health issues can credibly be linked to receipt of the HPV vaccine. And the timeframe in which his symptoms manifested after vaccination was too remote to be medically acceptable, since the record shows that Petitioner's primary alleged injuries (POTS and small fiber neuropathy) did not manifest until five to six months after vaccination.

As a result, and after hearing testimony from experts and fact witnesses, along with a careful review of the record, I find that Petitioner did not preponderantly establish entitlement to a damages award. Moreover, this dismissal is *with prejudice*.[6] And I note that Respondent has not conceded that the claim possessed reasonable basis, and therefore may challenge any final fees request in this matter on that ground.

Based upon the status conference I held with the parties before the filing of the present motion, it was my understanding that Petitioner is prepared to live with the consequences of dismissal, in the interests of obtaining a prompt judgment in this case. I accordingly have ruled on the Motion in the matter set forth above, over the form of Respondent's objection—but not the substance—based on my understanding that Petitioner is willing to accept the adverse character of my determinations set forth above.

## CONCLUSION

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. In this case, there is insufficient evidence in the record for Petitioner to meet his burden of proof, and insufficient reliable scientific proof offered in support of his causation theory. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, Petitioner's Motion for a Decision Dismissing the Case is hereby

---

[6] Rule 41(a)(2) gives the Court discretion as to whether a dismissal should be with or without prejudice. *See Giesecke & Devrient GmbH v. United States*, 146 Fed. Cl. 631, 641 (Fed. Cl. 2020) ("[u]nder Rule 41(a)(2), a voluntary dismissal by court order is 'without prejudice' unless the court finds that the defendant will suffer legal prejudice, such as when a plaintiff "does not seek dismissal until a late stage" in the litigation"). There are three factors to consider on whether a dismissal should be with or without prejudice: "(i) the burden on the defendant if the case were to be dismissed without prejudice; (ii) the progress of the litigation; and (iii) the diligence and good faith of the plaintiff." *Klamath Irrigation District v. United States*, 116 Fed. Cl. 117, 119 (Fed. Cl. 2014).

Here, the late stage of the litigation—a case pending for more than three years, featuring multiple experts and reports, full fact discovery, ample briefing, *plus* a full evidentiary hearing—strongly weighs in favor of dismissal with prejudice.

GRANTED, and the Petition is dismissed **with prejudice**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

    **IT IS SO ORDERED.**

s/ Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.