# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 16-1144
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * *
ZACHARIAH OTTO,                             *
                                            *      Chief Special Master Corcoran
              Petitioner,                   *
                                            *      Dated: July 24, 2020
v.                                          *
                                            *      Attorney's Fees and Costs;
                                            *      Final award; Reductions for
SECRETARY OF HEALTH AND                     *      unnecessary work and
HUMAN SERVICES,                             *      post-hearing dismissal
                                            *
              Respondent.                   *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, Phoenix, AZ, for Petitioner.

*Mark Hellie*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On September 15, 2016, Zachariah Otto filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that the human papillomavirus ("HPV") vaccine he received on October 13, 2014, caused him to experience an adverse reaction, including but not limited to chronic fatigue or postural orthostatic intolerance syndrome ("POTS"). An entitlement hearing was held on November 4–5, 2019, in Washington, D.C.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Before an entitlement decision could be issued, Petitioner filed a "Motion for a Decision Dismissing his Petition" on June 11, 2020. (ECF No. 113) ("Mot."). Petitioner's stated aim was to opt out of the Vaccine Program so that he could "pursue a third party action in district court" against the manufacturer of the HPV vaccine. Mot. at 2. The parties had disagreements about the requested relief and exchanged briefs on the matter. (ECF Nos. 114 & 115).

On June 17, 2020, I issued a Decision dismissing the Petition in accordance with Petitioner's request. Dismissal Decision at 4 (ECF No. 116). Therein, I summarily noted that even though I was dismissing the matter prior to a written decision, it was evident to me that Petitioner had not established his claim by a preponderance of the evidence, because several components of his causation theory were unreliable and/or unpersuasive. *See id.* at 3–4. I thus dismissed the Petition with prejudice and instructed the Clerk of Court to issue judgment. *Id.* at 4–5. Judgment entered the next day. ECF No. 118.

Petitioner has now requested a final award of attorney's fees and costs in the total amount of $111,224.50 (representing $109,650.50 in attorney's fees, plus $1,574.00 in costs).[3] Final Mot. Attorney's Fees and Costs at 1, dated June 23, 2020 (ECF No. 120) ("Fees App."). The rates requested, and amounts billed, are reflected below:

| Name | Hours | Rate | Total |
|---|---|---|---|
| Robert W. Cain (paralegal) | 1.70 | $135.00 | $229.50 |
| Danielle P. Avery (paralegal) | 32.80 | $135.00 | $4,428.00 |
| Andrew D. Downing (attorney) 2018 - 2020 | 158.20 | $385.00 | $63,890.75 |
| Andrew D. Downing (attorney) – travel time | 15.50 | $192.50 | |
| Courtney Van Cott (attorney) 2020 | 55.20 | $275.00 | $41,102.25 |
| Courtney Van Cott (attorney) 2018 - 2019 | 118.20 | $205.00 | |
| Courtney Van Cott (attorney) – travel time | 16.50 | $102.50 | |
| **Total** | | | $109,650.50 |

Ex. A to Fees App. (ECF No. 120-1) at 30. As discussed below, this attorney and paralegal time

---

[3] Later, Petitioner contacted chambers to correct an error in his final motion. The amount requested in the invoicing is $111,224.50. But, the last paragraph of Petitioner's motion requested $109,650.50. Petitioner clarified that the amount requested in the invoicing is the correct amount.

reflects work performed on the matter from 2018 through the recent November 2019 trial. The requested costs, by contrast, are substantially more modest, since costs associated with the hearing were awarded a few months ago.

Respondent reacted[4] to the Final Fees Motion on July 7, 2020, representing that the statutory and other legal requirements for an award of fees and costs are met, but deferring to my discretion as to calculation of a reasonable award. *Id*. at 2–3.

For the reasons stated below, I hereby **GRANT IN PART** Petitioner's Motion, awarding at this time attorney's fees and costs in the amount of **$100,259.45.**

## Procedural Background

This action lasted for just under four years—yet this is the *third* time fees have been requested in this case. Petitioner first requested an interim award of fees in 2018. *See* August 21, 2018. First Mot. Interim Attorney's Fees and Costs (ECF No. 39) ("Interim Fees App.") (requesting $59,208.75). I issued a Decision granting in part the request, and awarding approximately $43,000.00 in fees and costs, while deferring expert costs until after the hearing. Decision on Attorney's Fees and Costs, October 5, 2018, ECF No. 43 ("First Interim Fees Decision"). Then, after the November 2019 hearing, I ruled on Petitioner's second interim fees request. Second Interim Fees Decision, filed on Feb. 10, 2020 (ECF No. 102). I awarded Petitioner approximately $65,000.00 in costs related to his experts and preparing for the hearing. *Id.* at 2. But in light of my long-standing policy of only permitting a single interim award of fees, I deferred ruling on Petitioner's request for additional attorney's fees (mostly reflecting work relating to the hearing) until the resolution of his case. *Id.* at 3–4, 7–8. With the matter concluded, it is now appropriate to rule on the deferred fees request, plus additional fees incurred since that time.

## ANALYSIS

### I. A Final Fees Award is Appropriate

Vaccine Program attorneys are not automatically entitled to a fees award in unsuccessful cases like this one. At a minimum, such a claim must be shown to have: (1) possessed reasonable basis; and (2) have been brought in good faith. *See, e.g.*, *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 284 (2014). Reasonable basis is an objective inquiry while good faith is a subjective inquiry. *Id.* at 289.

---

[4] Respondent's brief incorrectly characterized the current fees application as one seeking an interim award of fees rather than a final award.

Here, I find Petitioner's claim had sufficient basis to entitle him to a fee award under the applicable reasonable basis and good faith analysis. Claims that vaccines can cause POTS are common enough in the Program to have facial credibility, despite my growing skepticism (based on hearing multiple such cases, and listening to the same testimony from the same group of experts) that these claims have a reliable scientific causal foundation. I have also awarded fees to other petitioners who made unsuccessful claims about the propensity of the HPV vaccine to cause autonomic dysfunction, which would include POTS. *See Johnson v. Sec'y of Health & Human Servs.*, No. 14-254, 2018 WL 3991262, at *1–*2 (Fed. Cl. Spec. Mstr. July 3, 2018). Even though this claim was ultimately unsuccessful, it was supported by at least one expert opinion and medical literature that was not frivolous or obviously poorly reasoned.

Overall, there was just enough evidence in the record to support bringing the claim, and Respondent for his part does not otherwise contest reasonable basis or good faith. Accordingly, while I expect in *future* cases to warn counsel that similar HPV-POTS claims are not likely to succeed—and to note the risk of a denial of fees in such cases if petitioners and their counsel proceed despite such a warning—I will permit a final fees award here even though the claim ultimately could not be substantiated.

## II.    Calculation of the Fees Award

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

### A.    *The requested hourly rates are reasonable*

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

The attorneys practicing at Van Cott & Talamante, located in Phoenix, Arizona, have repeatedly been found to be "in-forum," and therefore entitled to the forum rates established in *McCulloch* and subsequently embraced by the Office of Special Masters.[5] *See,* e.g., *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *7 (Fed. Cl. Spec. Mstr. May 26, 2016) (citing additional cases in which I awarded in-forum rates to Mr. Downing and associates); *see also McCulloch*, 2015 WL 564323, at *17. The rates requested for the relevant years in which work was performed are also consistent with what these attorneys have received in recent cases. *See Schultz v. Sec'y of Health & Human Servs.*, No. 16-539V, 2020 WL 1987784, at *5–*6 (Fed. Cl. Spec. Mstr. Mar. 25, 2020). Accordingly, I adopt the requested rates in issuing a final award of fees.

### B.  *Adjustment to Hours Expended*

Despite my acceptance of the requested hourly rates, I do not find that *all* of the time expended on this case should be compensated. Special masters possess wide discretion in determining whether time devoted to a matter was reasonably spent. In addition, the Federal Circuit has held that an attorney's duty to provide zealous advocacy on behalf of their client does not relieve them of their duty to the tribunal to avoid frivolous litigation. *Gallagher v. Sec'y of Health & Human Servs.*, No. 95-191V, 2002 WL 1488759, at *1 (Fed. Cl. Spec. Mstr. May 22, 2002) (citing *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994)). The Court of Federal Claims has deemed the filing of frivolous motions or appeals *per se* unreasonable under the Vaccine Act. *Morse v. Sec'y of Health & Human Servs.*, 93 Fed. Cl. 780, 789 (2010). Thus, the requirement that requested attorney's fees be reasonable serves as a bar against recovery of fees incurred by the filing of frivolous motions and appeals. *Morse*, 93 Fed. Cl. at 789. I also note that special masters may make reductions on a *sua sponte* basis, as part of their determination of fees to be awarded generally. *Sabella v. Sec'y of of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009).

Here, a modest, global reduction of fees to be awarded is warranted, due to the circumstances under which this case resolved.[6] It is unusual for a party in the Vaccine Program to ask that a claim be dismissed *after* hearing—indeed, the Vaccine Rules do not even contemplate

---

[5]  *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2018–2019, https://www.uscfc.uscourts.gov/node/2914 (last accessed on Nov. 15, 2019).

[6] I also note that a portion of the fees requested herein related to unnecessary motions practice ( a request for recusal occasioned by comments I had made about this claim's merits, as well as my disposition of the second interim fees request) that proved to lack a legal or evidentiary foundation. *See Otto v. Sec'y of Health & Human Servs.*, No. 16-1144V, 2019 WL 7667101, at *2–*3 (Fed. Cl. Spec. Mstr. Oct. 17, 2019) (denying motion for recusal where motion was not well-founded). I have previously declined to award fees specifically associated with such baseless motions practice. *See Schultz*, 2020 WL 1987784, at *5–*6 (discussing why I declined to award fees for motions for recusal and motions for review filed by the same counsel in this case). Here, I do not find that the specific deduction of fees associated with this motion, which were not excessive, is required, given my determination instead to make a single global reduction.

this situation. *See, e.g.*, Vaccine Rule 21. I acceded to Petitioner's request based on my general view that the petitioner is "master" of his claim, and therefore his determination not to proceed should be honored, whatever the reason. But (and while I have found that sufficient reasonable basis existed for the claim to permit *some* fees award) this does not mean that I am compelled to award *all* fees requested for an unsuccessful case under these circumstances. Here, not only was my initial sense of the case's weaknesses borne out after hearing, but Petitioner himself seems to have come to a similar conclusion. It is not reasonable to take a matter to trial, expending precious judicial resources as well as the time of the Department of Justice, then decide the case is not worth it—and still expect a full award of fees. Program petitioners cannot be allowed to make this a regular practice.

The discretion to modify fees to be awarded in a case to account for such occurrences is about the only sanction power special masters possess. *See, e.g.*, *Moczek v. Sec'y of Health & Human Servs.*, 776 F. App'x 671, 674 (2019) (noting that a "lesser sanction" was more appropriate than complete dismissal of a claim after unquestionable attorney negligence resulted in numerous missed deadlines to appeal various orders). And I have previously reduced fees in cases where a petitioner unnecessarily pursued appeals in cases where he was highly unlikely to prevail, even if some reasonable basis existed to allow fees. *R.V. v. Sec'y of Health & Human Servs.*, No. 08-504V, 2016 WL 7575568 (Fed. Cl. Spec. Mstr. Nov. 28, 2016) (reducing final award of all post-hearing fees incurred in autism injury case by 50 percent, where petitioners filed an unsuccessful motion for review, then initially sought appeal to the Federal Circuit before abandoning the appeal). Clearly, one reasonably-wielded "lesser sanction" is the discretion of a special master to reduce fees awarded for unnecessary work on the matter. A two-day trial, in a matter that was predicted not to result in a favorable determination, was unnecessary—and hence not all time associated with it should be reimbursed.

Accordingly, and for the reasons discussed, I shall (commensurate with my discretion and authority to make across-the-board reductions where appropriate) reduce the final fees to be awarded by *ten percent*. This is an extremely modest reduction under the circumstances; the parties endured a two-day hearing, featuring multiple experts, only to have Petitioner to decide the claim was no longer worth fighting for. Counsel will have been paid over $150,000 for all work on this matter in the end, and I roughly calculate that the fees associated with the hearing alone were approximately $55,470.00. Ex. A to Fees App. at 3–7, 11–15 (invoices reflecting work performed at, and in anticipation of, November 2019 hearing. This reduction is hardly unfair.

Applying the rates discussed above, Petitioner shall receive a final award of $98,685.45 in attorney's fees.

### III. Appropriate Costs Award

I will next turn to costs. Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable.

6

*Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992); *Presault v. United States*, 52 Fed. Cl. 667, 670 (Fed. Cl. 2002). When petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

I have already ruled on most of the requested costs in this case. *See* First Interim Fees Decision; Second Interim Fees Decision. Now, Petitioner requests $1,574.00 in litigation costs—mostly related to the cost of ordering a trial transcript. *See* Final Mot. Attorney's Fees and Costs at 30. The requested costs are reasonable and I grant them in full.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of fees awards, and based on the foregoing, I **GRANT IN PART** Petitioner's Final Motion for Attorney's Fees, as follows:

|  | **Amount Requested** | **Reduction** | **Total Awarded** |
|---|---:|---:|---:|
| **Attorney's Fees** | $109,650.50 | $10,965.05 | $98,685.45 |
| **Litigation Costs** | $1,574.00 | zero | $1,574.00 |
| **Grand Total: $100,259.45** | | | |

I therefore award a total of **$100,259.45** in final fees and costs as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Andrew Downing, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran,
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.